# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>Plaintiff,<br><br>v.<br><br>C. RODRIGUEZ, et al.,<br><br>Defendants. | Case No. 1:16-cv-00979-AWI-SAB-PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint, filed July 8, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Health Care Facility at Stockton, brings this action against Defendant officials employed by the CDCR at CSP Corcoran, where the events at issue occurred. Plaintiff names as Defendants Correctional Officer (C/O) Rodriguez and Warden Davey.

Plaintiff alleges that on August 1, 2015, Defendant Rodriguez came in to Plaintiff's housing unit and began to taunt Plaintiff. Rodriguez referred to Plaintiff's Islamic faith, calling him a "terrorist traitor," and informing Plaintiff that he destroyed Plaintiff's Qu'ran. Rodriguez told Plaintiff that he also "ripped up and burned your legal beagle books." (ECF No. 1, p. 3.) Plaintiff told Rodriguez that he would inform Warden Davey of his conduct at his Institutional Classification Committee (ICC) hearing. On the same date, Plaintiff attended his ICC hearing, where Defendant Davey was present. Plaintiff "apprised him of all that Rodriguez had said to him an hour earlier." (Id., p. 4.) Warden Davey asked Plaintiff "what do you need all those law books for anyway? You can't win against us." (Id.) Warden Davey advised Plaintiff that Rodriguez does what he is told to do and that Plaintiff could file an inmate grievance if he liked.

1  Plaintiff alleges that as he departed the hearing room, Defendant Rodriguez was waiting for him.
2  Rodriguez told Plaintiff what he had said to Warden Davey. Rodriguez "then kicked plaintiff
3  hard in the genitals with his nazi black boots causing plaintiff to drop to the floor in excruciating
4  pain and agony. Then he kicked plaintiff some more and said' 'no medical for him, f**k him!"
5  (Id., p. 5.) Plaintiff alleges that he suffered swelling and contusion in his genitals, and blood in
6  his urine.

### III.

### DISCUSSION

#### A.     Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992)(citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010(per curiam) (citing Hudson, 503 U.S. at 7)(internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic us of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10(quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Liberally construed, Plaintiff has alleged that Defendant Rodriguez kicked Plaintiff in the genitals several times while Plaintiff was not offering any resistance, causing injury to Plaintiff. Plaintiff has therefore stated a claim for relief against Defendant Rodriguez for excessive force.

#### B.     Denial of Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

1  "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
2  2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate
3  indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure
4  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and
5  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately
6  indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent
7  manner unless the defendant "knows of and disregards an excessive risk to inmate health or
8  safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal
9  standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.
10 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or
11 failure to respond to a prisoner's pain or possible medical need" and the indifference caused
12 harm. Jett, 439 F.3d at 10986.

13     In applying this standard, the Ninth Circuit has held that before it can be said that a
14 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
15 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
16 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing
17 Estelle, 429 U.S. at 105-1C>06).  "[A] complaint that a physician has been negligent in
18 diagnosing or treating a medical condition does not state a valid claim of medical mistreatment
19 under the Eighth Amendment.  Medical malpractice does not become a constitutional violation
20 merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County
21 of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish
22 deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332,
23 1334 (9th Cir. 1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment
24 does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.
25 1989).

26     Here, the Court finds Plaintiff's allegations to be vague.  Although Plaintiff alleges that
27 Defendant Rodriguez stated "no medical for him," Plaintiff has not alleged that he was denied
28 medical care, or that Defendant Rodriguez in any way interfered with Plaintiff's attempts to seek

1 medical treatment.  To state a claim, Plaintiff must allege facts demonstrating the existence of a
2 link, or causal connection, between Defendant's actions or omissions and a violation of his
3 federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir.
4 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).   Plaintiff must allege some facts
5 indicating that Defendant was deliberately indifferent to Plaintiff's serious medical needs, as that
6 term is defined above.  Plaintiff has failed to do so here.  This claim should therefore be
7 dismissed.

      **C.**     **First Amendment**

To the extent that Plaintiff is claiming that Defendant Rodriguez violated his right to freely exercise his religious belief, "[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration."  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "if it is reasonably related to legitimate penological interests."  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff has failed to allege facts indicating a substantial burden of the practice of his religious belief.  The facts alleged indicate, at most, that Defendant destroyed Plaintiff's Qu'ran.  To the extent that Plaintiff claims that Defendant Rodriguez destroyed his property, the Court will address such claim below.  There are no facts alleged indicating that Defendant Rodriguez prohibited Plaintiff from replacing his Qu'ran, or prevented Plaintiff from attending religious services, or in any specific way interfering with Plaintiff's practice of his religious beliefs.  A single instance of depriving Plaintiff of his Qu'ran fails to state a claim for relief under the First Amendment.  This claim should therefore be dismissed.

Plaintiff seeks monetary damages.  Plaintiff is advised that to the extent that he seeks

relief pursuant to the Religious Land Use and Institutionalize Persons Act of 2000 (RLUIPA), money damages are not available under RLUIPA against the state or officials sued in their official or individual capacities. Wood v. Yordy, 753 F.3d 899 (9th Cir. 2014); Sossamon v. Texas, 563 U.S. 277, 281 (2011); Alvarez v. Hill, 667 F.3d 1061, 1063 (9th Cir. 2012).

### D. Deprivation of Property

The Due Process Clause of the Fourteenth Amendment protects individuals from state deprivations of life, liberty, or property without due process of law. With respect to prisoner's property, the United States Supreme Court has held that "an unauthorized intentional deprivation of property" by a prison official constitutes a violation of due process if a meaningful post-deprivation remedy for the loss is unavailable. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The facts alleged in this case indicate that the deprivation of Plaintiff's books was unauthorized intentional deprivation. Plaintiff has a meaningful post-deprivation remedy. Plaintiff may file a grievance with prison officials and, if this fails to satisfy him, he may file a lawsuit in state court pursuant to California Government Code §§ 900, et seq., which provides a remedy for torts committed by public employees. See Paratt v. Taylor, 451 U.S. 527, 539 (1981) ("[P]ost-deprivation remedies made available by the state can satisfy the Due Process Clause.") Arnold v. Williams, No. CIV-S-08-28886 DAD P, 2009 WL 3710552, at *3 (E.D. Cal. Oct. 28, 2009) (California Government Code §§ 900, et seq., provide a sufficient post-deprivation remedy for the purposes of due process). Any due process claim regarding the deprivation of Plaintiff's property should therefore be dismissed.

### E. Access to Courts

To the extent that Plaintiff claims that the deprivation of his legal materials interfered with his access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)(citing Lewis, 518 U.S. at 348)(internal quotation marks omitted); Christopher

v.Harbury, 536 U.S. 403, 415(2002).  Plaintiff has not alleged any facts indicating that he suffered actual injury as that term is defined here.  This claim should therefore be dismissed.

### F. Warden Davey

The only conduct charged to Defendant Warden Davey is that he participated in Plaintiff's ICC hearing.  In order to state a claim for relief under section 1983, Plaintiff must allege facts linking Warden Davey with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  Plaintiff has not alleged any facts indicating personal participation by Warden Davey in an deprivation of a protected interest of Plaintiff's.  Warden Davey should therefore be dismissed from this action for Plaintiff's failure to state a claim for relief.

### IV.

### CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Rodriguez for excessive force in violation of the Eighth Amendment.  Plaintiff fails to state any other claims for relief.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Rodriguez on is Eighth Amendment excessive force claim, Plaintiff may so notify the Court in writing.  The Court will recommend that Warden Davey and the other claims be dismissed for failure to state a claim.  Plaintiff will then be provided one summons and one USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Rodriguez.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-679; Jones, 297 F.3d at 934.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 556 U.S. at 678. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 1467, 1474 (7th Cir. 2007)(no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Rodriguez for excessive force in violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **September 19, 2016**

UNITED STATES MAGISTRATE JUDGE