# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>C. RODRIGUEZ, et al.,<br><br>        Defendants. | Case No.  1:16-cv-00979-AWI-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT CERTAIN CLAIMS AND DEFENDANT DAVEY BE DISMISSED AND THAT THIS ACTION PROCEED AGAINST DEFENDANT RODRIGUEZ FOR EXCESSIVE FORCE<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 19, 2016, the Court screened Plaintiff's July 8, 2016, complaint and found that Plaintiff stated a cognizable claim against Defendant Correctional Officer (C/O) Rodriguez for excessive force in violation of the Eighth Amendment.  (ECF No. 9)   The Court found that Plaintiff failed to state any other cognizable claims against the other defendant, Warden Davey. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  The Court ordered Plaintiff to either file an amended complaint curing the deficiencies identified or notify the Court that he is willing to proceed only on his cognizable claim.  On October 13, 2016, Plaintiff filed a

1

notice stating that he does not intend to amend and is willing to proceed only on the claim found by the Court to be cognizable. (ECF No. 10.)  The Court will therefore recommend dismissal of the remaining claims and Defendant Davey.   See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(court should identify the deficiencies in the complaint and grant Plaintiff opportunity to cure deficiencies prior to dismissal).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim of excessive force against  Defendant C/O Rodriguez;
2. Defendant Warden Davey be dismissed for failure to state a claim upon which relief could be granted; and
3. Plaintiff's claims of denial of medical care, free exercise of religion, access to courts, and deprivation of property be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B).  Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 17, 2016**

UNITED STATES MAGISTRATE JUDGE