UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. RODRIGUEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00979-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO ORDERS REGARDING DECLARATIONS<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR REMOVAL OF MAGISTRATE JUDGE<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR APPOINTED COUNSEL<br><br>(ECF No. 38) |

Plaintiff Charles Windham is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are Plaintiff's objections to certain orders regarding declarations filed in this matter. (Doc. No. 38.)

**I.**

**RELEVANT PROCEDURAL HISTORY**

On July 20, 2017, a non-party, inmate Anthony Ivan Bobadilla, filed a declaration "in support of Plaintiff Windham's pending court case/evidentiary hearing motion" in this matter. (ECF No. 34.) On July 24, 2017, the Court issued an order striking that declaration for noncompliance with Federal Rule of Civil Procedure 11(a) and Local Rule 131(b). (ECF No. 35.) The Court found that there was

1

no such pending evidentiary hearing motion in this matter, and that the declaration was not signed by an attorney of record or by a party. Plaintiff was advised that to the extent he would submit evidence in support of a pending request, that evidence should be attached to a proper filing, signed by Plaintiff, that explains what the evidence is and for what purpose it should be considered. (Id. at 1-2.)

On July 24, 2017, Plaintiff filed a declaration stating that it concerned his evidentiary hearing motion. (ECF. No. 36.) On July 27, 2017, the Court issued an order disregarding that declaration, finding that there was no such pending evidentiary hearing motion, and that the declaration did not appear to relate to any other pending motion in this case. (Id. at 1-2.)

On August 10, 2017, Plaintiff filed the subject objections to the two orders described above.

## II.

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to the orders striking the non-party declaration and disregarding his declaration, stating that he submitted a motion for an evidentiary hearing and a motion for an appointment of counsel, to which the declarations relate. Plaintiff argues that the undersigned misunderstands the matters at hand, and should be removed from his case. Plaintiff asserts that the undersigned is "in league/cahoots" with the Defendant, the prison officials, and defense counsel, and must be removed and a different Magistrate Judge be assigned.[1]

The Court construes Plaintiff's motion as a motion for the undersigned to recuse or disqualify himself from this matter.

A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1922), is the seminal case

---

[1] In making his arguments, Plaintiff referred to the Court as a "moron judge" and to the opposing parties and counsel as "dirty, unchecked, impugn pieces of crap." (ECF No. 38, at p. 2.) Plaintiff is warned that insults and foul language towards the parties, the Court, or anyone appearing before this Court are not acceptable or tolerated. The Court extends courtesy and respect to everyone appearing before it, and expects the parties and their counsel to conduct themselves with courtesy and respect.

interpreting § 144. See United States v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233.

To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-56, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).

In this case, Plaintiff argues that the Court misunderstood his filings. However, no motion for an evidentiary hearing or motion for counsel is pending in this case. Plaintiff does have a motion for an evidentiary hearing pending in a separate case, *Windham v. Marin et al.*, Case No. 1:14-cv-01636-DAD-BAM, which is pending before a different assigned District Judge and a different assigned Magistrate Judge in the United States District Court for the Eastern District of California. A motion for the appointment of counsel in that matter was also filed on or around the same date as the motion for an evidentiary hearing in that case. Plaintiff may have the instant case confused with that other case. In any event, the Court finds that Plaintiff's objections to having the non-party inmate declaration stricken, and his declaration disregarded, have no merit here. Those objections are overruled.

To Plaintiff's request for a recusal, the basis for that request is that the Court has made rulings that Plaintiff deems to be adverse to him. Plaintiff also believes that these rulings were made unfairly and were made due to some bias or prejudice against him.

On the contrary, in light of Plaintiff's pro se status, the Court has construed his filings as liberally as possible. However, "pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Thus,

3

Plaintiff's filings which did not comply with the applicable rules and procedures were accordingly stricken or disregarded.

It is not the Court's function "to supervise laymen in the practice of law." Springer v. Best, 246 F.2d 24, 25 (9th Cir. 1959). The Court is not required to "inject itself into the adversary process on behalf of one class of litigant." Jacobsen v. Filler, 790 F.2d 1362, 1365 (9th Cir. 1986) (acknowledging a court's duty "to apply the requirements of the summary judgment rule with less than 'strict literalness'"). Nevertheless, in its orders, the Court has instructed Plaintiff on the manner with which he may submit declarations in this case, to the extent that it deemed proper while remaining impartial.

The rulings that Plaintiff objects to are insufficient to show any bias or prejudice against Plaintiff. The Court has construed Plaintiff's filings liberally, and ruled as required by the Federal Rules of Civil Procedure, the local rules, and the applicable law here. Plaintiff has provided no grounds for which a request for recusal could be granted here. Accordingly, his motion is denied.

### III.

### MOTION FOR COUNSEL

Plaintiff also states in his objections that he seeks the appointment of a private law firm as counsel to assist him in prosecuting this case.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. A review of the record shows that Plaintiff is adequately able to articulate his claims, and that the allegations of excessive force here are not complex. The Court is faced with similar cases almost daily. Circumstances common to most prisoners, such as non-attorney status and limited law library access, do not establish exceptional circumstances that would warrant a request for the voluntary assistance of counsel.

Accordingly, Plaintiff's request for appointment of counsel is denied, without prejudice.

## IV.
## CONCLUSION

For these reasons, the Court HEREBY ORDERS that:

1. Plaintiff's objections to the Court's orders issued on July 24, 2017 and July 27, 2017 are OVERRULED;

2. Plaintiff's requests for a recusal is DENIED; and

3. Plaintiff's request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **August 11, 2017**

_____
UNITED STATES MAGISTRATE JUDGE