UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM,<br><br>    Plaintiff,<br><br>v.<br><br>C. RODRIGUEZ,<br><br>    Defendant. | Case No.: 1:16-cv-00979-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO ORDER REGARDING DECLARATIONS/RECUSAL<br><br>(ECF No. 41) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On August 11, 2017, this Court overruled Plaintiff's objections to a July 24, 2017 order striking inmate Anthony Ivan Bobadilla's declaration for noncompliance with Federal Rule of Civil Procedure 11(a) and Local Rule 131(b), (ECF No. 35), and a July 27, 2017 order disregarding Plaintiff's declaration because it did not appear to relate to any pending motion in this case, (ECF No. 37). The Court found no grounds for reconsideration of those orders. (ECF No. 39, at pp. 2-4.) The Court also denied Plaintiff's request for recusal or motion to disqualify the undersigned, (id.), and denied Plaintiff's request for appointed counsel, (id. at 4-5).

Currently before the Court are Plaintiff's objections to the Court's August 11, 2017 order. (ECF No. 41.) Plaintiff asserts that inmate Bobadilla's declaration is relevant to issues of

obstruction/destruction of evidence and legal research books/materials, and also asserts that he previously filed documents requesting an evidentiary hearing and appointment of legal counsel, at the same time he filed the same motion in a separate case, Windham v. Marin, et al., Case No. 1:14-cv-1636-DAD-BAM-PC. Plaintiff asserts that he submitted proper filings, signed by him, explaining what the evidence was and what its purpose was. Plaintiff also states that he should be appointed counsel, with costs paid by Defendants as a sanction against them, because prison guards and officials have stolen his work product and legal research materials.

To the extent Plaintiff seeks reconsideration of the Court's prior rulings, he has not met his burden. Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, although Plaintiff asserts that he has submitted motions and other filings for the Court to rule upon, no such motions or filings have been received in this case. Plaintiff is not precluded from filing an appropriate motion and submitting declarations or other evidence in support of any request for relief, in compliance with the Federal Rules of Civil Procedure and Local Rules. There is no pending request for an evidentiary hearing or sanctions in this case.

Accordingly, it is HEREBY ORDERED that Plaintiff's objections to the Court's August 11, 2017 order are overruled.

IT IS SO ORDERED.

Dated: **September 14, 2017**

_____
UNITED STATES MAGISTRATE JUDGE